THE GEORGIA RAILROAD AND BANKING COMPANY *vs*. COX.

Where the evidence as to the diligence used by the employees of a railroad was conflicting, the presumption of negligence being in all cases against the company, and the jury find for the plaintiff, and the presiding judge is satisfied with the verdict, this court will not interfere.

New trial. Before Judge SPEER. Newton Superior Court. September Term, 1879.

Reported in the decision.

CLARK & PACE, for plaintiff in error.

J. J. FLOYD; E. F. EDWARDS, for defendant.

JACKSON, Justice.

This suit was brought by a colored man against the Georgia Railroad and Banking Company for killing a mule be-

longing to the plaintiff. The jury found a verdict for the plaintiff for one hundred dollars and interest. A motion was made for a new trial on the ground that the verdict was contrary to the evidence and the principles of equity and justice, which was overruled and defendant excepted.

If the evidence sustains the verdict, it is not contrary to the principles of equity and justice, but is legal and right. So that the question is simply this: Is there evidence enough to support the verdict?

By the Code, section 3033, it is enacted that a railroad company shall be liable for killing stock by the running of their engines and cars, "unless the company shall make it appear that their agents have exercised all reasonable and ordinary care and diligence—the presumption being in all cases against the company."

There is no doubt that the mule was killed by the company's train, and that being so, the law raises the presumption that the agents of the company did not use ordinary and reasonable care and diligence, and the company must overcome this legal presumption and take the burden of making it appear that they did use ordinary care and diligence. Ordinary care and diligence is that the engineer and fireman shall keep a lookout ahead to see stock on the track, and to stop the train or try to do so. The fireman swears that the first he saw of the mule was its head flying up, and he was keeping watch; the engineer, that the engine was almost upon the mule when he saw her first—that she tried to cross the track from behind a hedge-row after a horse which did cross there, and he was so close upon her that he could not check up the train; and both swear that they were diligent and could not prevent the catastrophe. On the other hand, two witnesses for the plaintiff swear that the mule must have got on the track at a crossing some fifty or seventy yards from the place where she lay dead— that they were there immediately after the killing—that the track was soft from rain the night before—that the tracks of the mule showed where she got on and showed that she was running—that there were no signs of the tracks

The Georgia Railroad and Banking Co. *vs.* Cox.

of a horse at all, and none of the mule's having attempted to cross where she was dead, the track being there on an embankment six or seven feet high—witness examined for tracks to see if she got on the track there and found none. She was lying dead about twenty feet from the hedge-row where the engineer swore she got on the track, and on the right of the track on which side the engineer testified that she came on the track from behind the hedge-row. One of the witnesses also testified that the horse came home before the train came along, and shortly after the train came and the mule was killed. So that the evidence is conflicting on the point whether the fireman and engineer were diligent in looking out for stock on the road ahead of them; for they could have seen the mule according to plaintiff's testimony, if they were, and might possibly have checked up so that it might have escaped. Possibly, perhaps probably, the verdict should have been that the killing was an unavoidable accident and therefore for the defendant, but it is out of the range of possibility that the account given by the engineer and fireman, and that given by the witnesses for plaintiff of the transaction can both be true. The presumption being against the company, and the testimony of its agents going to show reasonable diligence, being in conflict with the account given by other witnesses of the occurrence, we have no option but to hold that the presiding judge has not abused his discretion in upholding the verdict. With the policy of the law and the heaviness with which it bears on railroad companies, we have nothing to do; our business is to expound and enforce it as we find it on the statute books.

Judgment affirmed.